**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000099
28-JUN-2013
08:26 AM**

NO. CAAP-13-0000099

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ANGELA KUAHUIA, Plaintiff-Appellee, v.
KEVIN C. METCALFE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 10-1-103K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over Defendant-Appellant Kevin C. Metcalfe's (Appellant Metcalfe) appeal from the Honorable Ronald Ibarra's December 12, 2012 "Order Denying Defendants' Motion for Summary Judgment" (the December 12, 2012 interlocutory order) because the circuit court has not yet reduced any dispositive order to a separate judgment that resolves all claims against all parties, as Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012) and Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) require for an appeal under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Therefore, the Supreme Court of Hawai'i held that under HRCP Rule 58 "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

On April 16, 2013, the circuit court clerk filed the record on appeal for appellate court case number CAAP-13-0000099, at which time the record on appeal did not contain a final judgment. Absent a final judgment, the December 12, 2012 interlocutory order is not eligible for appellate review. Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the December 12, 2012 interlocutory order does not satisfy the requirements for

-2-

appealability under the <u>Forgay</u> doctrine, the collateral order doctrine, or HRS § 641-1(b). <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Therefore, absent an appealable final judgment, Appellant Metcalfe's appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-13-0000099. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0000099 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, June 28, 2013.

Chief Judge

Associate Judge

Associate Judge

-3-